JUDGE MARRERO 09 CV 2062

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
DAVIS SQUARE FUNDING I, LTD.,                  :
DAVIS SQUARE FUNDING II, LTD.,                 :
DAVIS SQUARE FUNDING III, LTD.,                :
DAVIS SQUARE FUNDING IV, LTD.,                 :
DAVIS SQUARE FUNDING V, LTD.,                  : Case No. _____
DAVIS SQUARE FUNDING VI, LTD., and             :
WEST COAST FUNDING I, LTD.,                    :
                                               :
                        Plaintiffs,            :
          v.                                   :
                                               :
AIG FINANCIAL PRODUCTS CORP.,                  :
                                               :
                        Defendant.             :
------------------------------------------------------------- x

[RECEIVED MAR 0 6 2009 U.S.D.C. S.D.N.Y. CASHIERS]

## COMPLAINT

1.  Plaintiffs Davis Square Funding I, Ltd., Davis Square Funding II, Ltd., Davis Square Funding III, Ltd., Davis Square Funding IV, Ltd., Davis Square Funding V, Ltd., Davis Square Funding VI, Ltd., and West Coast Funding I, Ltd. ("Plaintiffs"), by their undersigned counsel, bring this complaint for declaratory judgment and damages against AIG Financial Products Corp. ("AIG-FP" or "Defendant"). The allegations of this Complaint are based on Plaintiffs' personal knowledge as to themselves and on information and belief (including the investigation of counsel and review of publicly available information) as to all other matters.

## THE PARTIES

2.  Defendant AIG Financial Products Corp. is a Delaware corporation with its principal place of business in Connecticut. AIG-FP's business focuses principally on the over-the-counter derivatives markets.

3.  Each of the Plaintiffs is an exempted company incorporated under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands. Each of the

Plaintiffs has issued securities to investors pursuant to the terms of a Security Agreement which, among other things, establishes a priority of payments to govern the distribution of proceeds received.

4.  Non-party TCW Asset Management Company ("TCW") serves as collateral manager for each of the Plaintiffs.

5.  Non-party American International Group, Inc. ("AIG") is the parent company of AIG-FP, and the guarantor of AIG-FP's obligations under its agreements with the Plaintiffs.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between Plaintiffs and Defendant, and the value of the matter in controversy between each Plaintiff and Defendant exceeds $75,000.

7.  In the agreements giving rise to this dispute, each of the parties agreed to submit to the jurisdiction of this Court with respect to any suit, action or proceedings relating to that agreement, and waived any objection to the laying of venue in this Court.

## FACTUAL ALLEGATIONS

The Agreements

8.  Each of the Plaintiffs entered into an agreement with AIG-FP that sets forth the terms and conditions upon which AIG-FP would serve as counterparty to Plaintiffs on derivative transactions. Specifically:

    a.  Plaintiff Davis Square Funding I, Ltd. and AIG-FP entered into an International Swap Dealers Association, Inc. Master Agreement dated October 16, 2003, and a related Schedule as of the same date (collectively, the "Davis Square I Agreement");

  b. Plaintiff Davis Square Funding II, Ltd. and AIG-FP entered into an International Swap Dealers Association, Inc. Master Agreement dated October 16, 2003, and a related Schedule dated as of May 6, 2004 (collectively, the "Davis Square II Agreement").

  c. Plaintiff Davis Square Funding III, Ltd. and AIG-FP entered into an International Swap Dealers Association, Inc. Master Agreement dated October 21, 2004, and a related Schedule as of the same date (collectively, the "Davis Square III Agreement").

  d. Plaintiff Davis Square Funding IV, Ltd. and AIG-FP entered into an International Swap Dealers Association, Inc. Master Agreement dated April 6, 2005, and a related Schedule as of the same date (collectively, the "Davis Square IV Agreement").

  e. Plaintiff Davis Square Funding V, Ltd. and AIG-FP entered into an International Swap Dealers Association, Inc. Master Agreement dated September 30, 2005, and a related Schedule as of the same date (collectively, the "Davis Square V Agreement").

  f. Plaintiff Davis Square Funding VI, Ltd. and AIG-FP entered into an International Swap Dealers Association, Inc. Master Agreement dated March 30, 2006, and a related Schedule as of the same date (collectively, the "Davis Square VI Agreement").

  g. Plaintiff West Coast Funding I, Ltd. and AIG-FP entered into an International Swap Dealers Association, Inc. Master Agreement dated July 26, 2006, and a related Schedule as of the same date (collectively, the "West Coast Agreement").

9. The Davis Square I Agreement, the Davis Square II Agreement, the Davis Square III Agreement, the Davis Square IV Agreement, the Davis Square V Agreement, the Davis Square VI Agreement, and the West Coast Agreement will be collectively referred to herein as the "Agreements."

10. Plaintiffs have entered into numerous derivative transactions with AIG-FP pursuant to the Agreements. The aggregate notional amount of the transactions that are presently in effect and outstanding (the "Transactions") is in excess of $100 million, and AIG-FP's payment of its obligations under these Transactions is guaranteed by AIG.

Relevant Contractual Provisions

11. Each of the Agreements expressly contemplates and provides for a written guarantee by AIG of all of AIG-FP's payment obligations to the Plaintiffs. In addition, when entering into the Agreements the parties recognized that an impairment of AIG's creditworthiness would detrimentally affect the value of AIG's guarantee to the Plaintiffs. Accordingly, the Agreements require AIG-FP to replace itself with another counterparty for all Transactions within thirty days after a "Substitution Event," which the Agreements define as certain downgrades of AIG's credit rating.

12. For example, the Davis Square I Agreement and the Davis Square II Agreement provide that a "Substitution Event" occurs upon a downgrade of AIG's short-term rating from Standard & Poors below "A-1". In addition, each of the Agreements provides that if Moody's Investors Services downgrades AIG's long-term senior unsecured debt rating to A3 or below, this constitutes a "Substitution Event." Upon the occurrence of either of these Substitution Events, the Agreements require AIG-FP to assign its rights and obligations under all Transactions and under each Agreement, at its own cost, to a substitute party selected (i) by the Fund that is a party to that Agreement (with the advice and assistance of AIG-FP, which advice and assistance will not be unreasonably withheld) within ten days after the Substitution Event, or (ii) if the Fund does not select a substitute party within ten days after a Substitution Event, to a party selected by AIG-FP within twenty days after the expiration of that ten-day period.

4

13. The Agreements further provide that, if AIG-FP fails to assign its rights and obligations under all Transactions to a substitute party within thirty days after a Substitution Event, such failure constitutes an "Additional Termination Event" under the Agreements, with AIG-FP being the only "Affected Party" as that term is used in the Agreements. The occurrence of an Additional Termination Event entitles the Plaintiffs (as the non-Affected Parties) to designate an "Early Termination Date" in respect of all Transactions, by not more than twenty days notice to AIG-FP, provided the Additional Termination Event is continuing when notice is given.

14. Each of the Agreements provides that, upon termination thereof, a termination payment shall be made between AIG-FP and the Plaintiff that is a party to that Agreement. Pursuant to the "priority of payments" provisions in each of the Plaintiff's Security Agreements (the "Waterfall Provisions"), any such payment owed by a Plaintiff to AIG-FP would constitute a "Defaulted Hedge Termination Payment" and would be subordinated to certain other payments owed by the Plaintiff, including but not limited to: (1) taxes and filing and registration fees, (2) certain accrued and unpaid fees of the trustee, (3) accrued and unpaid administrative expenses, and (4) accrued and unpaid interest owed to Plaintiff's investors.

15. Each of the Agreements also provides that a "Defaulting Party" – which is defined to include a party that fails to comply with or perform an agreement or obligation under the Agreement (with certain exceptions not relevant to this action) and does not remedy such failure within thirty days after notice of such failure – "will, on demand, indemnify and hold harmless the other party for and against all reasonable out-of-pocket expenses, including legal fees and Stamp Tax, incurred by such other party by reason of the enforcement and protection of its rights under this Agreement …"

Plaintiffs' Right to Terminate

16. On September 15, 2008, Standard & Poor's downgraded AIG's short-term rating to A-2, which is below A-1. This downgrade constituted a Substitution Event under the Davis Square I Agreement and the Davis Square II Agreement.

17. On October 3, 2008, Moody's Investors Service downgraded AIG's long-term senior unsecured debt rating from A2 to A3. This downgrade constituted a Substitution Event under each of the Agreements.

18. AIG-FP did not assign its rights and obligations under the Agreements and Transactions to a substitute party within thirty days after the Substitution Events as required by the Agreements, or at any time thereafter. As a result, an Additional Termination Event occurred pursuant to the Davis Square I Agreement and the Davis Square II Agreement on October 15, 2008, and pursuant to each of the other Agreements on November 3, 2008. TCW, on behalf of the Plaintiffs, gave AIG-FP written notice on November 7, 2008 that AIG-FP's failure to find a substitute party in accordance with the Agreements constituted an Additional Termination Event under each Agreement. The Additional Termination Events are continuing and cannot be cured because they occurred automatically upon AIG-FP's failure to comply with its substitution obligations by a fixed deadline.

19. By virtue of the Additional Termination Events, the Plaintiffs believe they are entitled to terminate the Agreements with respect to all Transactions by designating an Early Termination Date as provided in the Agreements, and that AIG-FP no longer has any right to effect a substitution of counterparties without the Plaintiffs' consent. On behalf of the Plaintiffs, TCW has entered into negotiations with a potential substitute for AIG-FP as the Plaintiffs' counterparty on the Transactions, once the Agreements are terminated. AIG-FP, however, has

attempted to prevent the Plaintiffs from exercising their rights of termination by interfering with TCW's efforts to line up a new counterparty. Among other things, AIG-FP has threatened to file suit against the new counterparty for tortious interference with AIG-FP's purported contractual rights under the Agreements. AIG-FP has also indicated that it does not believe the Plaintiffs are entitled to terminate the Agreements. Accordingly, the Plaintiffs are forced to bring this action to confirm and protect their rights under the Agreements.

20. The Plaintiffs seek a declaratory judgment declaring that (1) AIG-FP no longer has the right to effect a substitution of counterparties, due to the expiration of the thirty-day period following a Substitution Event under the Agreements, (2) an Additional Termination Event has occurred and the Plaintiffs are entitled to designate an Early Termination Date under the Agreements, (3) any termination payments owed by Plaintiffs to AIG-FP under the Agreements would be subordinated as Defaulted Hedge Termination Payments pursuant to the Waterfall Provisions, and (4) AIG-FP is required under the Agreements to pay all reasonable expenses, including legal fees, incurred by the Plaintiffs to bring this action.

COUNT ONE
(Declaratory Judgment)

21. Plaintiffs incorporate each of the foregoing allegations as if set forth fully herein.

22. Plaintiffs request a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), declaring that:

    a. an "Additional Termination Event" occurred under the Davis Square I Agreement and the Davis Square II Agreement on October 15, 2008, as a result of AIG-FP's failure to assign its rights and obligations under those Agreements to a substitute party within thirty days following Standard & Poor's downgrade of AIG's short term rating below A-1;

7

  b. an "Additional Termination Event" occurred under each of the Agreements on November 3, 2008, as a result of AIG-FP's failure to assign its rights and obligations under the Agreements to a substitute party within thirty days following Moody's downgrade of AIG's long-term senior unsecured debt rating to A3;

  c. AIG-FP's right to designate substitute counterparties expired upon the occurrence of these Additional Termination Events;

  d. as a result of the occurrence of these Additional Termination Events, Plaintiffs are entitled to declare an Early Termination Date under the Agreements;

  e. any termination payments owed by the Plaintiffs to AIG-FP under the Agreements would constitute Defaulted Hedge Termination Payments and would be subordinated accordingly pursuant to the Waterfall Provisions; and

  f. AIG-FP is required under the Agreements to pay all reasonable expenses, including legal fees, incurred by the Plaintiffs in bringing this action.

  23. An actual controversy exists between the parties because AIG-FP has indicated to TCW that it believes AIG-FP has a continuing right to designate substitute counterparties under the Agreements, and that the Plaintiffs are not entitled to terminate the Agreements.

PRAYER FOR RELIEF

  WHEREFORE, Plaintiffs pray for relief and judgment in their favor and against Defendant as follows:

  A. Declaring that:

  1. an "Additional Termination Event" occurred under the Davis Square I Agreement and the Davis Square II Agreement on October 15, 2008, as a result of AIG-FP's failure to assign its rights and obligations under those Agreements to a substitute party within thirty days following Standard & Poor's downgrade of AIG's short term rating below A-1;

2. an "Additional Termination Event" occurred under each of the Agreements on November 3, 2008, as a result of AIG-FP's failure to assign its rights and obligations under the Agreements to a substitute party within thirty days following Moody's downgrade of AIG's long-term senior unsecured debt rating to A3;

3. AIG-FP's right to designate substitute counterparties expired upon the occurrence of these Additional Termination Events;

4. as a result of the occurrence of these Additional Termination Events, Plaintiffs are entitled to declare an Early Termination Date under the Agreements;

5. any termination payments owed by the Plaintiffs to AIG-FP under the Agreements would constitute Defaulted Hedge Termination Payments and would be subordinated accordingly pursuant to the Waterfall Provisions; and

6. AIG-FP is required under the Agreements to pay all reasonable expenses, including legal fees, incurred by the Plaintiffs in bringing this action.

B. Awarding Plaintiffs the expenses incurred in this action, including attorneys' fees; and

C. Granting such other and further relief as the Court may deem just and proper.

Dated: March 6, 2009

*/s/ Stuart M. Grant*
Stuart M. Grant
Megan D. McIntyre
Brenda F. Szydlo
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

*Counsel for Plaintiffs*